**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BRIAN WORDSMAN,

                Plaintiff,

                                                                  Case No. 3:17-cv-1130-J-JRK

vs.

NANCY A. BERRYHILL,
Deputy Commissioner for Operations
of the Social Security Administration,
performing the duties and functions not
reserved to the Commissioner of
Social Security,

                Defendant.
_____/

## OPINION AND ORDER[1]

### I. Status

Brian Wordsman ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of degenerative disc disease, depression, and chronic obstructive pulmonary disease ("COPD"). Transcript of Administrative Proceedings (Doc. No. 13; "Tr." or "administrative transcript"), filed December 14, 2017, at 205, 914 (emphasis omitted). Plaintiff filed an application for DIB on January 11, 2011, alleging an onset disability date of January 1, 1995. Tr. at 164-66. Plaintiff also filed an application for SSI on about January 10, 2011. See Tr.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 12), filed December 14, 2017; Reference Order (Doc. No. 16), entered December 19, 2017.

at 20, 104.² Plaintiff thereafter amended his alleged onset disability date for both applications to January 1, 2009, "the date [Plaintiff] stopped working." Tr. at 163; see Tr. at 20, 574. The applications were denied initially, Tr. at 101, 102, 113-15 (DIB); Tr. at 103, 104, 116-19 (SSI), and upon reconsideration, Tr. at 105, 106, 121-22 (DIB); Tr. at 107, 108, 123-24 (SSI).

On July 19, 2012, an Administrative Law Judge ("ALJ") held a hearing, during which he heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 80-98; see also Tr. at 683-704, 931-49 (duplicates). Following the hearing, the ALJ issued a decision on August 23, 2012 ("2012 decision"), finding Plaintiff not disabled through the date of the decision. Tr. at 20-33; see also Tr. at 41-54, 62-75, 752-65 (duplicates). Plaintiff then requested that the Appeals Council review the ALJ's 2012 decision. Tr. at 4-5, 14-16, 269-71; see also Tr. at 789 (duplicate). On December 3, 2013, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3; see also Tr. at 770-72 (duplicate), thereby making the ALJ's 2012 decision the final decision of the Commissioner.

Plaintiff appealed the final 2012 decision to this Court on January 24, 2014. See Complaint (Doc. No. 1), Case No. 3:14-cv-96-J-39JBT.³ On January 14, 2015, the Honorable Brian J. Davis, United States District Judge, entered an Order adopting the Report and Recommendation of the Honorable Joel B. Toomey, United States Magistrate Judge, and reversed and remanded the Commissioner's final decision for further administrative proceedings. Tr. at 707-09 (Order); Tr. at 710-24 (Report and Recommendation and

---

² The undersigned did not locate the actual SSI application in the administrative transcript.

³ Other than this case citation, citations to Plaintiff's prior appeal are to documents from the appeal that are included in the administrative transcript.

attached transcript of findings), 725-39 (duplicate). On January 15, 2015, Judgment entered reversing and remanding the matter to the Commissioner. Tr. at 705.

While the matter was pending in this Court, Plaintiff filed another round of DIB and SSI applications. See Tr. at 742-43.[4] The Appeals Council, on remand from this Court, entered an Order on March 13, 2015 remanding the case to the ALJ and directing the ALJ to consolidate the later-filed applications with the initial applications. Tr. at 742-43.

On August 18, 2015, a different ALJ held a hearing, during which he heard testimony from Plaintiff, who was again represented by counsel. Tr. at 637-82. The hearing was continued because certain medical evidence was missing from the file. Tr. at 680-81. On January 7, 2016, the hearing was reconvened, and the ALJ heard testimony from Plaintiff, who remained represented by counsel, and a VE. Tr. at 571-636. During the hearing, Plaintiff again amended the alleged disability onset date to May 1, 2011 because of a gap in treatment records in 2009 and 2010. See Tr. at 581-84. On February 10, 2016, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. Tr. at 545-64 ("Decision"). Plaintiff sought review of the Decision by the Appeals Council. Tr. at 854-58, 860. The Appeals Council on August 18, 2017 "found no reason under [the] rules to assume jurisdiction," making the ALJ's Decision the final decision of the Commissioner. Tr. at 525. On October 10, 2017, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3)[5] by filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

---

[4] The undersigned did not locate these applications in the administrative transcript.

[5] Although Plaintiff is seeking review of the Commissioner's decision regarding Plaintiff's claims for SSI (in addition to the claims for DIB), Plaintiff's Complaint does not cite § 1383(c)(3). See generally Complaint. Section 1383(c)(3), which incorporates § 405(g), grants the court jurisdiction to review SSI denials. See 42 U.S.C. § 1383(c)(3).

Plaintiff advances three arguments on appeal: (1) the ALJ erred in rejecting the opinions of non-examining physician Reuben Bridgety, M.D. and examining physician Lynn Harper-Nimock, M.D., specifically regarding the need for a cane and the use of oxygen, in concluding that Plaintiff is capable of performing a reduced range of light work; (2) the ALJ erred in failing to obtain a consultative examination; and (3) the Appeals Council erred in failing to remand the matter given the new, chronologically relevant, and material opinion of William V. Choisser M.D. regarding Plaintiff's functioning. Plaintiff's Brief (Doc. No. 22; "Pl.'s Br."), filed March 21, 2018, at 1; see Pl.'s Br. at 13-20 (first argument); id. at 20-22 (second argument); id. at 22-25 (third argument). On May 24, 2018, Defendant filed a memorandum responding to Plaintiff's arguments. See Memorandum in Support of the Commissioner's Decision (Doc. No. 23; "Def.'s Mem.").

After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned determines that the Commissioner's final decision is due to be reversed and remanded for further proceedings. Addressing Plaintiff's third argument, the undersigned finds that the Appeals Council erred in refusing to consider the additional evidence presented to it. On remand, consideration of this evidence will impact the first and second arguments raised by Plaintiff in this appeal. For this reason, the Court need not address those arguments. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

**II. The ALJ's Decision**

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 547-64. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since May 1, 2011, the alleged onset date." Tr. at 547 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: a history of degenerative disc disease in the cervical and lumbar spine, history of morbid obesity, history of [COPD] secondary to tobacco abuse, history of hypertension, history of hyperlipidemia, history of gastroesophageal reflux disease, history of peripheral neuropathy and a history of obstructive sleep apnea." Tr. at 547 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that

---

[6] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 551 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform less than a full range of light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b). [Plaintiff] is capable of occasionally lifting twenty pounds; frequently lifting ten pounds or less; standing or walking four hours of an eight hour workday and sitting six hours of an eight hour workday. He needs to alter his position between sitting, standing and walking every 30 minutes. He is capable of occasionally operating (by pushing or pulling) arm, hand and foot/pedal controls. [Plaintiff] is limited to occasionally climbing ramps and stairs, but he cannot climb ladders/ropes/scaffolds. He is capable of occasionally balancing, stooping, kneeling, crouching and crawling. [Plaintiff] has no manipulative or communicative limitations. He should work in a clean air environment that is temperature controlled. He should never be exposed to noxious irritants or atmospheric pollutants such as dusts, smoke, fumes and chemicals. [Plaintiff] cannot work in proximity to concentrated industrial vibrations. He cannot perform work at unprotected heights.

Tr. at 551-52 (emphasis omitted). At step four, the ALJ relied on the testimony of the VE and found that Plaintiff is "unable to perform any of his past relevant work" as a plumber. Tr. at 562 (emphasis and citation omitted). At step five, after considering Plaintiff's age ("46 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ again relied on the testimony of the VE and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 563 (emphasis and citation omitted), including "small parts assembler," "electronics worker," "inspector/hand packager," "truck weigher," "bench hand," and "order clerk (food and beverage)." Tr. at 563 (some capitalization omitted). The ALJ concluded that Plaintiff "has not been under a disability . . . from May 1, 2011, through the date of th[e D]ecision." Tr. at 564 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV. Discussion

Plaintiff argues the Appeals Council erred in declining to assume jurisdiction on remand after accepting additional evidence in the form of Dr. Choisser's examination summary and opinion. Pl.'s Br. at 1, 22-25. According to Plaintiff, the Appeals Council erroneously refused to consider the evidence because it is new, chronologically relevant, and material such that it carries a reasonable possibility that the administrative result would

change. Id. at 24-25. Responding, Defendant contends the Appeals Council did not err in refusing to consider the evidence because "Plaintiff failed to show that Dr. Choisser's opinion was material, i.e., that it created a reasonable possibility of changing the ALJ's decision that Plaintiff was not disabled on or before February 10, 2016." Def.'s Mem. at 20. In this regard, Defendant argues the opinion "is not chronologically relevant to the period considered by the ALJ." Id. at 18. Defendant also contends some of the medical evidence from the time period in question "undermine[s] Dr. Choisser's opinion and even contradict[s] some of his findings, such as his findings about Plaintiff's hands and grip strength."[7] Id. at 19.

Dr. Choisser examined Plaintiff on an unknown date, and on June 23, 2016, he authored a summary of Plaintiff's history and examination, and he rendered an opinion regarding the effects of Plaintiff's impairments.[8] Tr. at 533-34, 535-39. Dr. Choisser's opinion, if accepted, would indisputably result in a finding of disability. See Tr. at 535-39. Dr. Choisser opined that Plaintiff's symptoms and limitations were present as of May 1, 2011, Tr. at 539, encompassing the relevant time period (and well before the ALJ's February 10, 2016 Decision). Dr. Choisser stated that in preparing for the examination, he reviewed various medical records, see Tr. at 533: 1) records from "IMA Evaluation, Inc.," which is a May 3, 2011 opinion authored by Dr. Harper-Nimock regarding Plaintiff's physical functioning, see Tr. at 336-43; 2) records from Susana Barsky, Psy.D., LCSW, which consist of a general mental status clinical evaluation from May 14, 2011, see Tr. at 347-50; and 3) a visual

---

[7] In support of this latter argument, Defendant provides about forty-two citations to the administrative transcript with no explanation of how the evidence on those pages supposedly undermines Dr. Choisser's findings. See Def.'s Mem. at 19-20.

[8] Although the exact date of the examination is unknown, it likely occurred close to or on June 23, 2016, when Dr. Choisser authored the summary and rendered the opinion.

-8-

evaluation report authored by either Robert I. Schipper, M.D. or Larry G. Brown O.D.[9], see Tr. at 366-73. Plaintiff presented the evidence from Dr. Choisser to the Appeals Council, which "did not consider" the evidence because it "does not show a reasonable probability that it would change the outcome of the decision." Tr. at 526. The Appeals Council, therefore, declined to accept jurisdiction. Tr. at 525-28.

When the Appeals Council is presented with evidence that was not presented to the ALJ, the Appeals Council "must review the case if 'the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1261 (11th Cir. 2007) (quoting 20 C.F.R. § 404.970(b)). Evidence first presented to the Appeals Council must be considered by the Council if it is "new, material, and chronologically relevant." Hargress v. Soc. Sec. Admin., Comm'r, 883 F.3d 1302, 1309 (11th Cir. 2018) (citing 20 C.F.R. § 404.970(b), 416.1470(b) (2016)[10]; Washington v. Soc. Sec. Admin., 806 F.3d 1317, 1320 (11th Cir. 2015)); see also Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1261 (11th Cir. 2007) (citing 20 C.F.R. § 404.970(b)). Regarding the materiality requirement, "[e]vidence is material if 'there is a reasonable possibility that the new evidence would change the administrative outcome.'" Atha v. Comm'r, Soc. Sec. Admin., 616 F. App'x 931, 936 (11th Cir. 2015) (quoting Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir. 1987)).[11]

---

[9] The signature block includes both names, and the signature is illegible.

[10] These Regulations and others were amended effective January 17, 2017, and among other things, there is now a requirement that a claimant show good cause for submitting new evidence to the Appeals Council. See 20 C.F.R. § 404.970. Neither party contends the amendments effective in January 2017 apply in this case. Accordingly, the relevant versions for purposes of this Opinion and Order are those that were in effect prior to the 2017 amendment. See McClain v. Soc. Sec. Admin., —F. App.'x —, 2019 WL 157538, at *3 n.3 (11th Cir. Jan. 10, 2019) (finding same).

[11] The parties agree that the law to be applied here is the same law that applies when the Appeals Council declines to consider evidence and denies review of an ALJ's Decision. See Pl.'s Br. at 23-
(continued...)

Evidence may be chronologically relevant even if it post-dates the ALJ's decision. See Washington, 806 F.3d at 1322. In Washington, for instance, the United States Court of Appeals for the Eleventh Circuit held that an examining psychologist's opinions were chronologically relevant "even though [the psychologist] examined [the claimant approximately seven] months after the ALJ's decision." Id. This was because the psychologist reviewed the claimant's treatment records from the period before the ALJ's decision; because the claimant told the psychologist he had suffered from the conditions at issue "throughout his life" (which obviously would include the relevant time period); and because there was "no assertion or evidence" that the claimant's condition worsened "in the period following the ALJ's decision." Id.

In Stone v. Social Security Administration, 658 F. App'x 551, 555 (11th Cir. 2016) (unpublished), on the other hand, the Court found the circumstances "significantly different" from those in Washington; this was in part because the new records in Stone "demonstrate[d] a worsening" of the relevant symptoms after the ALJ's decision, id. Similarly, in Hargress, the Court found that progress notes post-dating the ALJ's decision did "not relate to the period before the ALJ's . . . decision" and "nothing in these new medical records indicates the doctors considered [the claimant's] past medical records or that the information in them relates to the period at issue, which materially distinguishes this case from Washington." Hargress, 883 F.3d at 1309-10. Further, the Court found that a treating physician's opinion post-dating the ALJ's decision was not chronologically relevant because, even though the physician opined that the limitations dated back to 2013 (prior to the ALJ's decision), "nothing

---

[11](...continued)
25; Def.'s Mem. at 17-20.

in the form [completed by the physician] or any other documents indicated that [the physician] evaluated [the claimant's] past medical records when forming that opinion," and the physician "did not treat [the claimant] in 2013." Id. at 1310.

At the end of the day, although the Appeals Council is "not required to give a . . . detailed explanation or to address each piece of new evidence individually," id. at 1309 (citing Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 784 (11th Cir. 2014)), if the Appeals Council "erroneously refuses to consider evidence, it commits legal error and remand is appropriate," Washington, 806 F.3d at 1320.[12]

Here, Defendant mainly contends the Appeals Council correctly refused to consider Dr. Choisser's summary and opinion because they are not chronologically relevant and not material. Def.'s Mem. at 18. The undersigned disagrees and finds this case to be more analogous to Washington than to Stone or Hargress. Dr. Choisser here examined Plaintiff about four months after the ALJ's Decision, actually quite a bit less than the approximate seven months between the ALJ's decision and the consultative examination in Washington. Dr. Choisser reviewed some of the medical evidence in the file from the relevant time period, in addition to relying on Plaintiff's reports about his medical history. See Tr. at 533. This includes Dr. Harper-Nimock's 2011 examination summary and opinion regarding Plaintiff's physical functioning, which is from early in the administrative process. See Tr. at 336-43. The ALJ in the Decision had discounted Dr. Harper-Nimock's opinion in large part because

---

[12] By contrast, when the Appeals Council actually considers evidence first presented to it but denies review, different standards apply. When a claimant challenges the Appeals Council's denial in that instance, a reviewing court must determine whether the new evidence renders the denial of benefits erroneous. See Mitchell, 771 F.3d at 784-85 (citing Ingram, 496 F.3d at 1262); see also Coleman v. Comm'r of Soc. Sec., 454 F. App'x 751, 754 (11th Cir. 2011) (citation omitted) (noting that "[t]he Appeals Council may deny review if the new evidence does not show the ALJ's decision to be erroneous"). In other words, a claimant seeking remand under sentence four of 42 U.S.C. § 405(g), "must show that, in light of the new evidence submitted to the Appeals Council, the ALJ's decision to deny benefits is not supported by substantial evidence in the record as a whole." Timmons v. Comm'r of Soc. Sec., 522 F. App'x 897, 902 (11th Cir. 2013) (unpublished) (citing Ingram, 496 F.3d at 1266-67); see also Mitchell, 771 F.3d at 785.

it was "too vague and lack[ed] specific functional limitations." Tr. at 560. Dr. Choisser, however, opined about the various effects of Plaintiff's impairments on his ability to perform work-related functions, and he specifically opined these limitations were present as of 2011, encompassing the relevant time period (and well prior to the ALJ's Decision). Tr. at 533-39.[13] Dr. Choisser's opinion, while not identical to Dr. Harper-Nimock's, provides support for it because they are relatively consistent overall.[14] Compare Tr. at 339-40, with Tr. at 533-39. Dr. Choisser's opinion, if accepted, would result in a finding of disability. Finally, there is no serious contention that Plaintiff's condition significantly worsened after the ALJ's Decision, and the evidence submitted to the Appeals Council does not demonstrate such a worsening. In sum, Dr. Choisser's opinion is new, chronologically relevant, and material such that it carries a reasonable possibility of changing the administrative result. See, e.g., Hargress, 883 F.3d at 1309. The Appeals Council erred in refusing to substantively consider Dr. Choisser's examination summary and opinion, and remand is required. See Washington, 806 F.3d at 1320.

---

[13] As previously noted, the Hargress Court found that a treating physician's opinion post-dating the ALJ's decision was not chronologically relevant because, even though the physician opined that the limitations dated back to 2013 (prior to the ALJ's decision), the physician "did not treat [the plaintiff] in 2013." Hargress, 883 F.3d at 1310. At first blush, this reasoning may appear applicable here. However, there is no indication that the treating physician in Hargress had a broad or longitudinal understanding of the claimant's relevant medical history. See id. (stating that "nothing in the form or any other documents indicated that [the physician] evaluated [the claimant's] past medical records when forming that opinion"). Further, Dr. Choisser, the examining physician here, routinely does examinations for the SSA and is therefore familiar with the standards by which the SSA determines a claimant's abilities.

[14] Defendant argues the two opinions are inconsistent on the narrow issue of visual limitations, see Def.'s Mem. at 18 n.5, but Dr. Harper-Nimock tested "uncorrected vision," Tr. at 338 (capitalization omitted), and Dr. Choisser tested vision "with glasses," Tr. at 534.

## V.  Conclusion

In light of the foregoing, it is

**ORDERED**:

1.	The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

> (A)	Consider the additional evidence submitted to the Appeals Council;
>
> (B)	If appropriate, address the other issues raised by Plaintiff in this appeal; and
>
> (C)	Take such other action as may be necessary to resolve these claims properly.

2.	The Clerk is further directed to close the file.

3.	In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** at Jacksonville, Florida on March 26, 2019.

*/s/ James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw

Copies to:

Counsel of record